AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MIRKO RALLI-FALCONI,<br>**Defendant.** | )<br>)<br>)  Case No.   5:19-MJ- 99 (DEP)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 26, 2019 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Re-entry After Deportation or Removal |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

_Complainant's signature_

Jason R. Burrell, Border Patrol Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date:  2/27/2019

_Judge's signature_

City and State:   Syracuse, New York         Hon. David E. Peebles, U.S. Magistrate Judge
_Printed name and title_

United States District Court
Northern District of New York

United States of America
    v.
RALLI-Falconi, Mirko

## AFFIDAVIT

I, Jason R. Burrell, being duly sworn, depose and state the following:

I am a Border Patrol Agent ("BPA") assigned to the Buffalo Sector Border Patrol, part of the Bureau of Customs and Border Protection. My current duty station is the Oswego Border Patrol Station. I have been a Border Patrol Agent for over 9 years. One of the Border Patrol's primary missions is to apprehend undocumented foreign nationals. My authority to perform this mission is articulated in sections 287 and 235 of the Immigration and Nationality Act. This body of law relates to, among other things, the arresting of previously deported aliens who subsequently reenter the United States. I make this affidavit in support of a criminal complaint against RALLI-Falconi, Mirko ("RALLI-Falconi") for a violation of Title 8, United States Code, Section 1326(a).

1. This affidavit is based upon my review of information contained in immigration databases regarding RALLI-Falconi, statements by RALLI-Falconi, and my interviews of law enforcement personnel involved in the investigation.

2. On February 26, 2019, at approximately 12:40 p.m., while BPA Jarred Bell was working his assigned duties at the Regional Transport Center in Syracuse, New York, BPA Bell encountered a subject, later identified as RALLI-Falconi. During a consensual conversation between BPA Bell and RALLI-Falconi, BPA Bell asked RALLI-Falconi if he was a United States citizen and RALL-Falconi responded that he was not. BPA Bell thereafter determined that RALLI-Falconi was not in possession of any United States Immigration documentation that would allow him to enter, pass through, or reside in the United States legally.

3. BPA Bell questioned RALLI-Falconi during initial processing at the Oswego Border Patrol Station. Before being provided *Miranda* warnings, RALLI-Falconi was asked questions regarding his entry into the United States. RALLI-Falconi initially asserted that he entered the United States legally in 2004 through a port-of-entry in the State of New York. After Border Patrol Agents were unable to locate any documentation concerning that asserted legal entry, RALLI-Falconi was again asked how he entered the United States, and he said he actually entered illegally from Mexico into Arizona in 2004. While this conversation was ongoing, Border Patrol Agents performed record checks that revealed that RALLI-Falconi was removed from the United States on an expedited basis February 22, 2001 at the Hartsfield-Jackson Atlanta International Airport. Upon learning this information, BPA Burrell immediately advised RALLI-Falconi of his *Miranda* rights. RALLI-Falconi thereafter invoked those rights, he was not questioned further, and he did not provide a sworn statement.

4.  RALLI-Falconi's fingerprints were captured at the Oswego Border Patrol Station on February 26, 2019. A comparison of his fingerprints with the FBI's fingerprint database, via the Integrated Automated Fingerprint Identification System (IAFIS) system, revealed that RALLI-Falconi's fingerprints match the fingerprints of an alien who was ordered removed by a Delegated Official on February 22, 2001 and who was formally removed from the United States to Peru on February 22, 2001.

5.  Your affiant has further determined that RALLI-Falconi has never applied for or received permission to reenter the United States from the Attorney General or the Secretary of the Department of Homeland Security, after his removal on February 22, 2001.

6.  Based on the records of the Department of Homeland Security, I have determined that RALLI-Falconi illegally reentered the United States subsequent to his removal on February 22, 2001 and was thereafter found in the United States within the Northern District of New York on February 26, 2019.

> Jason R. Burrell
> Border Patrol Agent

Sworn to me

This 27th day of February 2019

Hon. David E. Peebles
United States Magistrate Judge