# EXHIBIT A

## U.S. DEPARTMENT OF HOMELAND SECURITY

### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

## AFFIDAVIT

Event No: OSN1902000007

IN RE: RALLI-FALCONI, MIRKO                    FILE NO. 079 057 656

EXECUTED AT Oswego, NEW YORK                    DATE February 26, 2019

Before the following immigration officer of the U.S. Department of Homeland Security: PAUL VANDISH JR
in the SPANISH _____ language. Interpreter NONE _____ used.

I, MIRKO  RALLI-FALCONI _____ acknowledge that the above-named officer
has identified himself to me as an officer of the United States Department of Homeland Security,
authorized by law to administer oaths and take testimony in connection with the enforcement of the
Immigration and Nationality laws of the United States. He has informed me that he desires to take my
sworn statement regarding: _____,

MY ILLEGAL RE-ENTRY INTO THE UNITED STATES.

He has told me that my statement must be freely and voluntarily given and has advised me of these
rights:

"You have the right to remain silent.
Anything you say can be used against you in court, or in any immigration or administrative
proceeding.
You have the right to talk to a lawyer for advice before we ask you any questions and to have him
with you during questioning.
If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
If you decide to answer questions now without a lawyer present, you will still have the right to stop
answering at any time. You also have the right to stop answering at any time until you talk to a
lawyer. "

I am willing to make a statement without anyone else being present. I swear that I will tell the truth, the
whole truth, and nothing but the truth, so help me, God.
Being duly sworn, I make the following statement:

Q. Do you wish to have a lawyer or any other person present to advise you?

A. Yes.

Q. Are you willing to answer my questions at this time?

A. No.

I have read (or have had read to me) the foregoing statement consisting of 1 page. I affirm that the
answers attributed to me herein are true and correct to the best of my knowledge and belief and that
this statement is a full, true, and correct record of my questioning by the above-named officer of
the Immigration and Naturalization Service. I have initialed each page of this statement (and the
corrections noted on page(s) Not Applicable).

Signature of alien: _____

Subscribed and sworn to me at: Oswego Border Patrol Station in Oswego, N.Y. on 02/26/2019.

_____                    _____
(Signature of Immigration Officer)    (Signature of Witness)

Form I-215B N (Rev. 08/01/07)

U.S. Department of Homeland Security                    WARNING AS TO RIGHTS – INTERVIEW LOG

## AVISO DE DERECHOS

File No: A 0 7 9 - 0 5 1 - 6 5 6

Antes de que le hagamos cualquier pregunta, usted debe de comprender sus derechos.

Usted tiene el derecho de guardar silencio.

Cualquier cosa que usted diga puede ser usada en su contra en un juzgado de leyes, o en cualquier procedimiento administrativo o de inmigración.

Usted tiene el derecho de hablar con un abogado para que el lo aconseje antes de que le hagamos alguna pregunta, y de tenerlo presente con usted durante las preguntas.

Si usted no tiene el dinero para emplear a un abogado, se le puede proporcionar uno antes de que le hagamos alguna pregunta, si usted lo desea.

Si usted decide contestar nuestras preguntas ahora, sin tener a un abogado presente, siempre tendrá usted el derecho de dejar de contestar cuando guste. Usted también tiene el derecho de dejar de contestar cuando guste, hasta que pueda hablar con un abogado.

He leído (o me han leído) esta declaración sobre mis derechos, y comprendo cuales son

_____nic_____     1507     0 2 - 26 - 2019     OSWEgo, NY 1326
        (Firma)              (Fecha y hora)              (Lugar)

_____ F 37 _____                                        _____
(Firma del funcionario de inmigración)                  (Firma del testigo)

## RENUNCIA

Estoy dispuesto a prestar declaraciones y a contestar preguntas. Por el momento no deseo tener un abogado. Comprendo y estoy consciente de lo que esto haciendo. No he sido objeto de promesas, amenazas, presión o coerción de ninguna clase.

_____                    _____                    _____
(Firma)                  (Fecha y hora)           (Lugar)

## CERTIFICATION

I HEREBY CERTIFY that the foregoing Warning, and Waiver were read by me to the above signatory, that he also read it and has affixed his signature hereto in my presence.

Border Patrol Agent  Andrew  Blackburn _____
        Immigration Officer        Signature

Border Patrol Agent  Paul Vandish _____
        Witness' Signature

BPA  Andrew  Blackburn _____                          Language
        Interpreter's Signature

_____                                                 _____
Interpreter's Signature                               Language

## INTERVIEW LOG

1. Person Interviewed  Mirko RALLI-FALLONI          2. Officer(s)  BPA Andrew Blackburn
BPA Paul Vandish                  3. Place (exact address and identity of room) 19 East Schuyler Street
Oswego, NY 1312L, PROCESSING Room                                        4. Date 2/26/2019
5. Exact Time/Place of encounter or arrest  SYRACUSE REGIONAL TRANSPORTATION CENTER
6. If transported from place of encounter to interrogation point, show exact time involved ENCOUNTER @ 1240
Note whether interrogation continued during transporting INTERROGATION DID NOT CONTINUE
7. Officer making arrest and/or transporting subject BPA JARED BELL
8. Time interview began 1530          9. Time subject or suspect advised of right to remain silent and fact any statement could be used against him in court and name of officer furnishing advice 1525
                                      10. Time subject advised of right to presence of counsel, retained or appointed and name of officer furnishing advice 1525
11. Time questioning concluded _____     12. Time written statement commenced 1600
13. Person preparing statement BPA ANDREW BLACKBURN     14. Time statement completed 1615
15. Time statement reviewed by person interviewed 1630     16. Time statement signed _____
17. Record of requests and complaints of subject and actions taken thereon NONE

_____
_____
_____

(If additional space required, continue on an attachment.)
Form I-214 (Rev. 08/01/07) N

U.S. Department of Homeland Security                   Continuation Page for Form          I213

| Alien's Name<br>RALLI-FALCONI, MIRKO | File Number<br>A079 057 656<br>Event No:OSN1902000007 | Date<br>02/26/2019 |
|---|---|---|

SPOUSE NAME AND ADDRESS:
------------------------
Nationality:PERU MESONES, JULIA MARIA
PERU


FATHER NAME AND ADDRESS:
------------------------
Nationality:PERU RALLI, AQUILES
NONE
LIMA, LIMA, PERU


MOTHER NAME AND ADDRESS:
------------------------
FALCONI DE RALLI, EMMA
NONE
LIMA, LIMA, PERU


FUNDS IN POSSESSION:
--------------------
United States Dollar .00

RECORDS CHECKED:
----------------
ATS-P Positive
CIS Positive
CLAIM Negative
EARM Positive
IAFIS Positive
NCIC Positive
SEVIS Negative
TECS Positive


NARRATIVE:
----------
ENCOUNTER:

On February 26, 2019, Border Patrol Agents (BPA) Jared Bell and Roger Audet, of the Oswego
Border Patrol Station, Oswego, New York, were assigned to the Regional Transportation
Center (RTC) located in Syracuse, New York during the 06:00am to 04:00pm shift.

At about 12:40pm, BPA Bell, while wearing a full Border Patrol rough duty uniform
encountered 2 subjects whom were later identified as, RALLI-Falconi, Mirko (DOB: ████████
COC: Peru) and MESONES-Zapata, Maria Julia (DOB: ██████████; COC: Peru). BPA Bell
approached the line for the 12:45pm bus from Syracuse to New York. BPA Bell engaged RALLI

| Signature<br>PAUL VANDISH JR | Title<br>BORDER PATROL AGENT |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                 **Continuation Page for Form** _____ I213 _____

| Alien's Name<br>RALLI-FALCONI, MIRKO | File Number<br>A079 057 656<br>Event No:OSN1902000007 | Date<br>02/26/2019 |
|---|---|---|

and MESONES in a consensual encounter, and asked them as to their citizenship. Both RALLI and MESONES claimed that they were not United States Citizens, and that they were from Peru. Through questioning, BPA Bell determined that RALLI and MESONES were not in possession of any United States immigration documents that would allow them to enter, pass through or reside in the United States legally.  Record checks showed that RALLI had been previously been ordered removed from the United States.

APPREHENSION:

At approximately 01:00pm, RALLI and MESONES were arrested for violation of Section 212A6ai of the Immigration and Nationality Act. RALLI and MESONES were transported by BPA Bell to the United States Border Patrol Station located in Oswego, NY for further processing.

VIOLATION:

Section 212(a)(9)(A)(ii) of the Immigration and Nationality Act, as amended, as an alien who has been ordered removed under section 240 or any other provision of law, or who departed the United States while an order of removal was outstanding, and who seeks admission within ten years of the date of such departure or removal (or within 20 years of such date in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony).

ENTRY:
At the Oswego Station, RALLI initial stated to BPA Burrell that he had entered the US legally via La Guardia International Airport in NYC and was petitioned by his wife for entry. Record checks did not reveal any information that confirmed RALLI's statement. During further questioning of RALLI's story, he admitted to BPA Burrell that he illegally entered the US in 2004 by walking cross the US / Mexican Border somewhere in Arizona. At this time, due to RALLI's previous removal from the United States, he was read the Miranda Warnings as per service form I-214 by BPA Burrell at 3:07pm. At that time RALLI invoked his right to remain silent and all questioning concerning his illegal entry into the United States ceased immediately. A copy of the I-214 has been added to the file.

RALLI was then processed as Reinstatement of Prior Order of Removal, and the US Attorney's North District of NY, in Syracuse NY, was notified that we would be charging the subject under 8 USC 1326 Re-Entry after Removal Order.

IMMIGRATION HISTORY:

A#079-057-656 had previously been assigned to RALLI when RALLI was arrested on February 22, 2001 at the Atlanta Hartsfield Jackson International Airport and charged as an Immigrant Without a Visa and charged with 8 USC 1182(A)(7)(A)(I)(I). RALLI was subsequently removed from the United States on the same date.

The National Records Center was contacted and we requested they provided copies of the removal documents for RALLI's initial removal. The NRC advised that the records are archived in Cold Storage and it may take several days to obtain the original file. As of

| Signature<br><br>PAUL VANDISH JR | Title<br><br>BORDER PATROL AGENT |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    **Continuation Page for Form**        I213

| Alien's Name<br>RALLI-FALCONI, MIRKO | File Number<br>A079 057 656<br>Event No:OSN1902000007 | Date<br>02/26/2019 |
|---|---|---|

this report we have not received those documents.
CRIMINAL HISTORY:

FBI#475958RB4 had previously been assigned to him for his previous immigration arrest on
February 22, 2001.

TRAVEL DATA/INTEL:

RALLI claims that he has been living in Clifton, New Jersey with his wife and three
children.

RALLI was waiting to board a New York City bound bus at the Syracuse RTC.


Employment in the United States:

RALLI claims he is working in a factory manufacturing printers in Clifton, New Jersey. The
name of the manufacturing company is Accurate Plastic Printing.


Primary Caregiver for Family Members in the United States:

RALLI stated that he and his wife, Maria MESONES-Zapata, are the primary caregivers to
their 13 year old minor child. Their other two children are over the age of 18. His wife,
MESONES, was released from custody by Deportation Officer Saunders to care for their child.
The minor child was being cared for by the 20 year old child at their home in New Jersey
while RALLI and his wife were out of town.

BOND/CUSTODY:

RALLI was processed as a Reinstatement of Prior Order of Removal and will be held without
bond as per SBPA Lilly due to his prior Removal from the United States. RALLI has no relief
from removal, has no verifiable identification, has no status in the United States, was
previously encountered by the government and was removed back to Peru. A copy of the Bond
Determination form has been added to the file.

RALLI will be held at the Oswego Border Patrol Station overnight in anticipation of an
initial court appearance in Syracuse, New York the next morning.

Health and Consulate Notification:

RALLI claims/appears to be in good health. RALLI has tendonitis in his left middle finger
and is wearing a brace to support it. The subject is not currently taking any medications.
RALLI was given the telephone number to the Consulate of Peru in New York, New York so that
he may call them at his convenience. The Consulate of Peru was notified of RALLI's
detention as per service form I-264, a copy of the facsimile transmission has been added to
the file.

| Signature<br>PAUL VANDISH JR | Title<br>BORDER PATROL AGENT |
|---|---|

4 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| RALLI-FALCONI, MIRKO | A079 057 656<br>Event No:OSN1902000007 | 02/26/2019 |

Property Held:

RALLI has no property to be held at the Oswego Station.

RALLI was issued the following Service Forms:
I-871: Notice of Intent/Decision to Reinstate Prior Order
I-286: Notice of Custody Determination
I-200: Warrant of Arrest
List of free legal service providers

Arrested by:
BPA Jared Bell

Processed by:
BPA Paul Vandish, BPA Andrew Blackburn

Oswego Border Patrol Station
(315)-342-7017

| Signature | Title |
|---|---|
| PAUL VANDISH JR | BORDER PATROL AGENT |

_____ 5 ___ of ___ 5 _____ Pages